UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| TORREY FRAZIER | ] | |
| --- | --- | --- |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 1:14-0038 |
| | ] | CHIEF JUDGE HAYNES |
| DERRICK SCHOFIELD, et al. | ] | |
| Defendants. | ] | |

## MEMORANDUM

Plaintiff, Torrey Frazier, an inmate at the South Central Correctional Center in Clifton, Tennessee, filed this action under 42 U.S.C. § 1983 against Defendants: Derrick Schofield, Commissioner of the Tennessee Department of Correction; Brenda Jones, Warden of the Turney Center Industrial Prison; and Darrell Murphy, Chairperson of the Turney Center Disciplinary Board. Plaintiff seeks injunctive relief and damages arising out of his disciplinary hearing for the alleged denial of his due process rights under the Fourteenth Amendment.

According to his complaint, on July 11, 2013, Plaintiff was issued a disciplinary report charging him with the introduction of tobacco at Turney Center. The next day, Plaintiff and an inmate legal advisor met with the disciplinary board that found Plaintiff guilty of conspiracy to introduce tobacco. For this infraction, Plaintiff received a five dollar ($5.00) fine, the suspension of his visitation privileges for six months, and the loss of accrued sentence reduction credits.

To state a claim for § 1983 relief, the Plaintiff must plead plausible facts that the defendants, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. Ashcroft v. Iqbal, 556 U.S. 662 (2009); West v. Atkins,

1

487 U.S. 42, 54-57 (1988), .

As to Plaintiff's loss of accrued sentence reduction credits, where a prison disciplinary sanction affects the length of a prisoner's incarceration, as here, the prisoner has an inherent liberty interest subject, but his remedy is under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 497 (1973).

For this other disciplinary sanction, Plaintiff received a disciplinary report citing the introduction of tobacco. Plaintiff afforded a hearing with the assistance of an inmate legal advisor. Plaintiff does not allege any denial an opportunity to testify, or present documentary evidence or to call witnesses. The disciplinary board issued a written statement of facts, citing a reliable confidential informant. A disciplinary board may rely on a confidential informant. Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir. 1988); Crafton v. Luttrell, 378 F. Supp. 521, 532 (M.D. Tenn. 1975) ("Although the right of confrontation and cross-examination is fundamental to due process, the court is of the opinion that the unique circumstances of prison society warrant the limitation of that right when an individual supplying information against the accused is another prisoner who might be exposed to harm if his identity were known. In such cases, whether to allow confrontation may rest within the Administration's discretion. This limitation should be construed most narrowly, and if the identity of an accusing inmate is obvious to all, then confrontation should probably occur. The court does not consider this limitation a significant infringement upon a prisoner's right to due process, for seldom, if ever, as reflected by the evidence in this case, does disciplinary action occur solely as a result of information given by another inmate.") (footnote omitted).

For the non-sentence credit sanctions, Plaintiff was not denied procedural due process nor subject to any atypical punishment. Sandin v. Conner, 515 U. S. 472, 485 (995) ("We hold that

2

Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.").

Absent a violation of federal law, the Plaintiff failS to state a claim upon which relief can be granted. Under such circumstances, a district court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

**ENTERED** this the ___25th___ day of March, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court